UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODIS BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV1571 CDP |
| | ) |
| STLCC DIST. BOARD, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court are various filings from plaintiff, including a complaint, a sealed exhibit to his complaint, supplemental exhibits, as well as plaintiff's motion to proceed in forma pauperis.[1] After reviewing plaintiff's filings, the Court will require plaintiff to file a financial affidavit and a second amended complaint on a court-form.

**Legal Standard**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] Plaintiff has failed to provide the Court with an accompanying financial affidavit. As such, this Court is unable to rule on plaintiff's motion to proceed in forma pauperis at this time.

1

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

**The Complaint**

Plaintiff, Theodis Brown, is a frequent litigant before this Court. Indeed, this is his 31st case before the Court. Plaintiff's claims in this case are almost illegible, but those set forth in his type-written Charge of Discrimination filed with the Equal Employment Opportunity Commission, [Doc. #4] appear to suggest that plaintiff is suing the St. Louis Community College Board for some type of employment discrimination. However, his amended complaint form appears to list several plaintiffs and defendants in the caption of this case, as well as enumerate over twenty different causes of action against said defendants.

In the short two-paragraph Charge of Discrimination, plaintiff notes that after he resigned from his position on the Board at the St. Louis Community College, he applied for a position as a campus police officer and SLCC failed to hire him. Plaintiff then states that he believes this failure to him was discriminatory in violation of the Age Discrimination in Employment Act, the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964. Namely, plaintiff asserts in his Charge that he believes he was discriminated on the basis of his race, his age, his disability, his gender, his national origin, and in retaliation for protesting unethical board practices.

As far as this Court can tell, none of these succinct and legible allegations are contained in plaintiff's amended complaint or accompanying exhibits. Rather, the amended complaint contains lists of alleged violations without any accompanying connection to facts or specific defendants, and the exhibits contain newspaper articles, letters from law firms, random emails,

copies of webpages, and notes with illegible writings. None of the aforementioned exhibits or lists of "statutes" or alleged "violations" make up a lawsuit. Plaintiff has not connected even one of the named defendants to his purported violations or allegations in the complaint.

Because plaintiff's allegations are spread throughout several documents, it is difficult for the Court to review his assertions pursuant to 28 U.S.C. § 1915. Because plaintiff's claims in the Charge of Discrimination are serious in nature, the Court will provide plaintiff an opportunity to amend his allegations. Accordingly, plaintiff will be required to file an amended complaint, on a court-form, containing all of the allegations he wishes to bring against defendants.[2] Simply put, **all** claims in this action must be included in one, centralized complaint form. Plaintiff must follow the Court's instructions relating to the filing of his amended complaint, as set forth below, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must also clearly state the defendants which he is pursuing allegations against, and he must clearly identify the name and title of each defendant. He must also articulate, <u>for each of those defendants</u>, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff should take special care to make his allegations legible to this Court. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from

---

[2] Plaintiff may only bring claims against defendant(s) on his own behalf.

this case. If plaintiff is pursing claims pursuant to 42 U.S.C. § 1983 against defendants, plaintiff should also articulate in what capacity he is bringing claims against defendants, whether it is in their official or individual capacities or both. *See Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978).

Plaintiff shall have thirty (30) days from the date of this Order to file his amended complaint. Plaintiff is warned that the filing of the amended complaint **completely replaces** the original and any supplemental complaints, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide plaintiff with a financial affidavit form that plaintiff must complete and send back to this Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank complaint form for the filing of an employment discrimination complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days from the date of this Order**.

**IT IS FURTHER ORDERED** that plaintiff shall file a completed financial affidavit no later than thirty days from the date of this Memorandum and Order. Plaintiff's failure to file a completed financial affidavit within thirty days of the date of this Order will result in a dismissal of this case without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, it will be subject to review under 28 U.S.C. § 1915.

Dated this 9th day of November, 2015.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE