UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THEODIS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1571 CDP |
| | ) | |
| STLCC DIST. BOARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On November 9, 2015, after reviewing the original pleadings in this action, the Court ordered plaintiff to file an amended complaint that complied with the Court's Memorandum and Order [Doc. #9].[1] Plaintiff was advised that if he failed to comply with the Court's Memorandum and Order, this action would be dismissed without prejudice and without further notice to him.[2]

In response, plaintiff filed six "supplements" to his original pleading, as well as two pro se motions to invoke Federal Rules of Civil Procedure 42, 56 and 57, several incomprehensible memoranda to the Clerk of Court, a "motion to compel preliminary order in que warrento," and several documents and forms that plaintiff purports to be an amended complaint that contain material that is incomprehensible and sometimes illegible.

For example, Docket No. 20 was filed on November 30, 2015, and it is purported to be plaintiff's amended complaint. It consists of eleven (11) pages, plus two (2) pages of

---

[1]The Court specifically advised plaintiff as to the manner and respects in which his complaint was deficient and gave him detailed instructions on what the amended complaint and the "Statement of Claim" should, and should not, contain.

[2]Plaintiff was ordered to fill out a CJA 23 Financial Affidavit, and he has failed to do so. His motion to proceed in forma pauperis must therefore be denied.

1

attachments, and it was submitted on a court-provided form for filing employment discrimination cases. The named parties cannot completely be discerned. In the place of the plaintiff's name in the caption, there is a long paragraph stating:

> STLCC TRUSTEE THEO BROWN
> Elected 2014 stlcc district board of trustee honorable theodis brown sr, subdistrict 1, 6 yr term expires 2020& bonded trustee st. louis county township committeeman pro se IACP MEMBER, st louis police vetern assn, alumni student; stlcc member metropolitan fire marshal assn

Handwritten on the complaint as a defendant is "STLCC DIST. BOARD..." However, in type underneath the writing is

> stlcc district board of trustees(5) in their individual&in their official unbonded capacity to wit: unbonded craig Larson, doris graham, hatties Jackson, E. libby fitzgearld, joan mcgivney, mary nelson, mark prtratz, KKK etc., RICO actors.

In the "Statement of Claim," plaintiff's assertions are even more incomprehensible. He states:

> Legal citation; col brown vs. st louis 842 s.w. 2d 1263 case law; see docket sheet on entry no 1, 2, 3, 4, 5, etc stlcc district board policy no E2w3 dismissal subject matter on staff employees frcp 37, frcp 65, 11, motions for sanction on defendants sham pleading in bad faith designed to harass, defame hinder, defeat the administration of justice, cause plaintiff to be shun, ridiculed, suffer irreparable harm, damage him in his businesses dur to ill will toward blackman sol afro American 2014 elected male and off spring of foerms slaves herein 1st blackman to serve on bias board of trustees under 178.862 rsmo as overseer bossman too, on the state campus police forces he seeks to disband tue to rico acts...

Although a pro se complaint is to be liberally construed, the complaint must still contain a short and plain statement of facts sufficient to give fair notice of the claim asserted. *Means v. Wilson*, 522 F.2d 833, 840 (8th Cir. 1975). The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded.

Having carefully reviewed the instant complaint, the Court concludes that plaintiff has failed to state sufficient facts to give fair notice of the claim asserted. Moreover, plaintiff's

2

filings do not comply with this Court's November 9, 2015 Memorandum and Order, and the Court is once again unable to determine the nature of plaintiff's claims or even the parties to this action. As such, the Court will dismiss this case without prejudice due to plaintiff's failure to comply with the Court's prior Order. *See* Fed.R.Civ.P.41(b).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the amended complaint because plaintiff has failed to comply with this Court's Order of November 9, 2015. *See* Fed.R.Civ.P.41(b).

**IT IS FURTHER ORDERED** that plaintiff's motions to proceed in forma pauperis [Doc. #2, #3, #5 and #13] are **DENIED** as plaintiff has failed to provide the Court with a CJA Form 23 Financial Affidavit, thus his financial status cannot be ascertained.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Doc. #2, #3, #5] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's remaining motions [Doc. #14, #16 and #19] are also **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of December, 2015.

                                              CATHERINE D. PERRY
                                              UNITED STATES DISTRICT JUDGE